**UNITED STATES of America, Appellee,**

v.

**Carl George SMITH, Jr., Appellant.**

**No. 14085.**

United States Court of Appeals, Fourth Circuit.

Argued June 1, 1970.

Decided June 23, 1970.

**1184**

H. Harrison Braxton, Jr. (Court-appointed counsel), for appellant.

David H. Hopkins, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and WIDENER, District Judge.

PER CURIAM:

During his trial for the robbery of a bank, the defendant became dissatisfied with the performance of his trial lawyer. He sought his discharge and permission to proceed alone and on his own behalf without counsel. After close questioning of the defendant and his lawyer, the trial judge permitted the client to examine the witnesses, but required the court-appointed lawyer to remain present to examine the defendant when the defendant took the witness stand, and, at the conclusion of the testimony, the lawyer made the summation to the jury.

In these rulings we think the trial judge acted with a meticulous concern for the defendant's rights.

Conscientious appellate counsel advances the contention, however, that the trial judge should have probed more deeply than he did into the nature and the extent of the client's dissatisfaction with his trial lawyer. Had he done so, it is said, a basis might have appeared for some other course of action by the trial judge. He is unable to suggest, however, what information further inquiry might have disclosed in light of the fact that, so far as can be told from the record, itself, trial counsel seems to have been well prepared and seems to have been performing effectively.

We do not think such a contention, with no basis for belief that the trial lawyer's performance was defective in any respect, warrants reversal of the conviction, though, if the defendant has a reasonable basis for complaint about his representation, our affirmance of the conviction will not preclude his assertion of such a claim in a proceeding under 28 U.S.C.A. § 2255.

Objection is also made to the admission in evidence of the fact that, shortly after the robbery of the bank, the defendant's wife had in her possession large sums of money, including several marked $100 bills identifiable as part of the robber's loot. The defendant

here completely isolates her possession from his.

If the defendant had been charged with the possession of a narcotic and his conviction was sought upon the basis of proof of the wife's possession of the narcotic, the prosecution would doubtless fail, but this was not a charge of unlawful possession of the money and the jury was given no instructions about any presumptions that might be drawn from proof of possession. Her possession of the money, including the marked bills, was certainly circumstantial evidence which might properly be considered by the jury along with the other evidence as tending to show that the defendant was the robber of the bank. Since the court left it entirely to the jury what weight should be ascribed to such proof, its receipt in evidence was entirely proper.

Affirmed.